NOT FOR PUBLICATION



FILED

AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: TOURISM ASSESSMENT FEE LITIGATION, | No. 09-55440 |
| | D.C. No. 3:08-cv-01796-MMA-WMC |
| THOMAS J. COMISKEY; et al., | |
| Plaintiffs - Appellants, | MEMORANDUM [*] |
| v. | |
| AVIS BUDGET GROUP, INC.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted March 4, 2010
San Diego, California

Before: HAWKINS, THOMAS and McKEOWN, Circuit Judges.

Plaintiffs appeal from the district court's Fed. R. Civ. P. 12(b)(6) dismissal

of their class action complaint filed against defendants the California Travel and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Tourism Commission (the "CTTC"), Secretary Dale E. Bonner, in his capacity as Secretary of Business, Transportation, and Housing for the State of California, and numerous passenger rental car companies operating at one or more California airport locations (the "rental car defendants" or "RCDs"). We affirm.[1]

## I

The district court properly dismissed plaintiffs' Commerce Clause challenge to the Passenger Car Rental Industry Tourism Assessment Program (the "Program"), Cal. Gov. Code §§ 13995 *et seq*., which requires that rental car companies pay an assessment for each rental car transaction that commences at an airport or hotel location.

The central purpose behind the Commerce Clause's prohibitions of discriminatory measures is to proscribe "state or municipal laws whose object is local economic protectionism." *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 390 (1994). Such discrimination generally takes the form of regulations which have, or threaten to have, a competitive advantage upon local business vis-a-vis out-of-state competitors. *See New Energy Co. of Indiana v. Limbach*, 486 U.S. 269, 273 (1988) ("The 'negative' aspect of the Commerce Clause prohibits economic protectionism – that is, regulatory measures designed to benefit in-state

---

[1] Comiskey's motion to take judicial notice is granted.

economic interests by burdening out-of-state competitors"); *see also National Audubon Soc., Inc. v. Davis*, 307 F.3d 835, 857 (9th Cir. 2002) ("There is unconstitutional discrimination against interstate commerce where the asserted benefits of the state statute are in fact illusory or relate to goals that evidence an impermissible favoritism of in-state industry over out-of-state industry") (internal quotation marks, citations, and alterations omitted).

Here, plaintiffs do not allege that the Program was specifically designed to benefit in-state economic interests by burdening out-of-state competitors. Plaintiffs do not allege that the Program has the effect of discouraging affected rental car companies from serving out-of-state customers. Indeed, the purpose of the Program is to raise revenue in order to encourage tourism excursions to California. Taking plaintiffs' allegations to be true, plaintiffs have not shown that the Program serves an economic protectionist end or otherwise affirmatively discriminates against interstate commerce.

Thus, the district court correctly applied the balancing test set out in *Pike v. Bruce Church*, 397 U.S. 137 (1970). *See Maine v. Taylor*, 477 U.S. 131, 138 (1986) (laws that regulate evenhandedly and only incidentally burden interstate commerce are subject to less searching scrutiny under the *Pike* balancing test). Under the *Pike* test, a statute will be upheld "unless the burden imposed upon

[interstate] commerce is clearly excessive in relation to the putative local benefits." 397 U.S. at 142. As the party challenging the regulation, plaintiffs must establish that the burdens imposed on interstate commerce clearly outweigh the local benefits arising from the Program. *See Kleenwell Biohazard Waste and General Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 399 (9th Cir. 1995). Plaintiffs have not met their burden in this case. The district court properly found that any burdens imposed on interstate commerce by the Program do not clearly outweigh "California's legitimate interest in promoting its tourism industry."

*Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564 (1997) is not to the contrary. In that case, the Court concluded that the challenged statute was discriminatory because it had the purpose of discouraging Maine charities from serving out-of-state residents, and thus operated as a protectionist measure that attempted to hoard Maine's natural resources and beauty for its own residents. *Id*. at 576-77. Here, as already noted, plaintiffs do not allege that the Program has the effect of discouraging affected rental car companies from serving out-of-state customers.

The district court properly concluded that plaintiffs' claim under the Commerce Clause fails as a matter of law.

4

# II

Plaintiffs' claims under the free speech provisions of the United States and California constitutions are foreclosed by the government speech doctrine. Plaintiffs contend that the government is forcing them to subsidize a private message with which they disagree, in violation of *United States v. United Foods, Inc.*, 533 U.S. 405 (2001), and *Keller v. State Bar of Cal.*, 496 U.S. 1 (1990).

Compelled subsidies are permissible when they are used to fund government speech. *Johanns v. Livestock Marketing Assoc.*, 544 U.S. 550, 562 (2005). Individuals cannot object to compelled subsidies where the government exercises "effective[] control[]" over the challenged speech. *See Delano Farms Co. v. Cal. Table Grape Comm'n*, 586 F.3d 1219, 1223 (9th Cir. 2009). California appellate courts have held that this rule is equally applicable to free speech claims brought pursuant to the California Constitution. *See Gallo Cattle Co. v. Kawamura*, 159 Cal. App. 4th 948, 951-52 (2008).

Here, the government "effectively control[s]" the CTTC's promotional messaging. The Legislature has provided an overriding directive for the sorts of messages that the CTTC is to promote. *See* Cal. Gov. Code § 13995.45. The Governor of California appoints twelve of the CTTC's commissioners (with the remaining twenty-four elected by industry representatives), and the Secretary

5

exercises removal powers over the elected commissioners.  *See* Cal. Gov. Code §

13995.40(b)(2)(A), (b)(3), (e).  The final adoption of the CTTC's marketing plan

and budget is subject to the review and approval of the Secretary.  Cal. Gov. Code

§ 13995.45(d).  We have sustained similar statutory schemes against First

Amendment challenges.  *Delano Farms*, 586 F.3d at 1227-30; *Paramount Land

Co. v. Cal. Pistachio Comm'n*, 491 F.3d 1003, 1010-12 (9th Cir. 2007).

Plaintiffs underscore that the Secretary's approval or disapproval of the

CTTC's marketing plan and budget can be overridden by a three-fifths vote of the

commissioners.  Plaintiffs argue that, consequently, the CTTC's decisions

regarding messaging ultimately reside in the hands of the industry.  Even so, the

government retains a stronger power of review than that in *Delano Farms*, which

required no final review by the Secretary of Agriculture over the messages

promulgated by the California Table Grape Commission.  586 F.3d at 1229.

There are no principled distinctions to be drawn between the statutory

scheme in the present case and those determined to invoke the government speech

doctrine in *Delano Farms* and *Paramount Land*.  The district court properly held

that the government speech doctrine bars plaintiffs' free speech claims.

6

## III

The district court properly dismissed plaintiffs' claim under 42 U.S.C. § 1983 as derivative of plaintiffs' First Amendment and Commerce Clause claims. The district court properly declined to exercise supplemental jurisdiction over plaintiffs' state law claims following its dismissal of plaintiffs' federal law claims. *See* 28 U.S.C. § 1367(c)(3). The district court properly declined to grant plaintiffs' motion for leave to amend its complaint, as any amendment would be futile. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam) (affirming dismissal without leave to amend where plaintiffs' proposed amendments would fail to cure deficiencies and amendment would be futile).

We need not, and do not, reach any other issue urged on appeal.

**AFFIRMED.**